DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) JAMES I. "ASSI" JARIV and NATHAN ) "NATI" STOLIAR aka NATAN STOLIAR ) ) Defendant. ) | 2:14-CR-0006-APG-(GWF) |

**UNITED STATES OF AMERICA'S MOTION FOR AN ORDER AUTHORIZING THE UNITED STATES MARSHALS SERVICE TO SIGN THE PAYOFF CALCULATION PROVIDED BY WESTSTAR LOAN SERVICING CORPORATION REGARDING ACCOUNT NO. 000-19366-0 FOR KOI INVESTMENTS, INC., AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court for an Order authorizing the United States Marshals Service to sign the payoff calculation provided by Weststar Loan Servicing Corporation regarding Account No. 000-19366-0 for KOI Investments, Inc., which will allow Weststar to distribute $80,506.67 to the United States Marshals Service according to the civil forfeiture seizure warrant. The grounds for issuing the Order are (1) this Court has authority to order the distribution of the payoff of the loan under 21 U.S.C. § 853(e); *In*

1  *re Pre-Indictment Restraining Order*, 816 F. Supp. 2d 240, 244 (D. Md. 2011); and (2) Weststar and the
2  United States request this order.
3      This Motion is made and is based on the papers and pleadings on file herein and the attached
4  Memorandum of Points and Authorities.
5  DATED: April 2, 2014

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

The United States of America ("United States") requested and a United States Magistrate Judge issued a civil forfeiture seizure warrant for Any and All Debt Between Jariv Companies Including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Koi Investments, Inc., Keith and Beth Oliver, Loan Number 19366-0, in the amount of $80,000 and Any Payments Due, Principal Due or Interest Accrued on the Debt, Located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102. Exhibit ("Ex.") 7[1], Application for Warrant to Seize Property Subject to Forfeiture, attached hereto and incorporated herein by reference as if fully set forth herein; Ex. 8, Warrant to Seize Property Subject to Forfeiture, attached hereto and incorporated herein by reference as if fully set forth herein.  Special Agents of the Federal Bureau of Investigations ("FBI") executed the civil forfeiture seizure warrant on Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp. ("Weststar"), at 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102.  Weststar accepted the civil forfeiture seizure warrant and provided the necessary information on the debt.

### B. Statement of Facts

Prior to the FBI's execution of the civil forfeiture seizure warrant on Weststar on this debt, those who owed the loan sent a financial instrument to pay off the total amount of the debt they owed. Ex. 1 through 6, attached hereto and incorporated herein by reference as if fully set forth herein.  Weststar contacted James Jariv and his designee to approve the distribution of the loan payoff, but neither responded. Ex. 1 through 6.  When the FBI executed the above-named civil forfeiture seizure warrant, Weststar requested that the United States approve Weststar's calculation of the payoff so Weststar could distribute the $80,506.67 to the United States. Ex. 1 through 8.

---

[1] Exhibits 1 through 8 have personal identifying information or are under seal and will be filed under seal. Fed. R. Crim. P. 49.1.

Maggie Doherty, a Business Property Analyst, Complex Asset Team, Asset Forfeiture Division, United States Marshals Service reviewed the payoff calculations for the for the principal and interest provided by Weststar Loan Servicing Corporation, referencing Account No. 000-19366-0 for KOI Investments, Inc. Ex. 1 through 6.  She concurs that the payoff amount of $80,506.67 as principal and interest is correct. Ex. 1 through 6.  The United States requests this court to authorize the United States Marshals Service to sign the payoff calculation provided by Weststar Loan Servicing Corporation regarding Account No. 000-19366-0 for KOI Investments, Inc., which will allow Weststar to distribute $80,506.67 to the United States Marshals Service.

**II.  ARGUMENT**

This Court has authority to issue the requested Order of distributing the payoff funds.  This Court "may … take any other action to preserve the availability of [the] property… for forfeiture…." 21 U.S.C. § 853(e).  "The court's authority under Section 853(e) is not limited to enjoining a person from dissipating forfeitable assets." *In re Pre-Indictment Restraining Order*, 816 F. Supp. 2d 240, 244 (D. Md. 2011) (citation omitted).  "To the contrary, under the express authority to take 'any other action' to preserve property subject to forfeiture, the court may affirmatively direct a person to deposit forfeitable property with the court or a designated custodian to ensure that it remains within the jurisdiction and control of the court." *Id*.

This Court may authorize the United States Marshals Service to sign the payoff calculation provided by Weststar Loan Servicing Corporation regarding Account No. 000-19366-0 for KOI Investments, Inc., which will allow Weststar to distribute $80,506.67 to the United States Marshals Service the payoff distribution.  This payment on this debt is the payoff of the total amount of the principal and interest, and Weststar needs approval for the final distribution payoff.  Ms. Doherty has determined that the distribution payoff of $80,506.67 is correct. Ex. 1 through 6.  When this Court orders the United States Marshals Service to sign the payoff calculation, it will preserve the property for forfeiture because Weststar will make a check payable to the United States Marshals Service in the

. . .

amount of $80,506.67, which the FBI will pick up and deliver to the United States Marshals Service pending the completion of this criminal case.

## III.  CONCLUSION

For the reasons stated above, this Court should authorize the United States Marshals Service to sign the payoff calculation so that Weststar will write a check payable to the United States Marshals Service in the amount of $80,506.67.

DATED: April 2, 2014.

                Respectfully submitted,

                DANIEL G. BOGDEN
                United States Attorney

                /s/ Daniel D. Hollingsworth
                DANIEL D. HOLLINGSWORTH
                Assistant United States Attorney

**The Motion hearing set for May 6, 2014 at 9:30 a.m. is hereby vacated.**

                IT IS SO ORDERED:

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge

DATED: May 1, 2014