DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:14-CR-006-APG-(GWF) |
| ) | |
| JAMES I. "ASSI" JARIV, and ) | |
| NATHAN "NATI" STOLIAR, aka ) | |
| NATAN STOLIAR, ) | |
| ) | |
| Defendants. ) | |

**AGREEMENT FOR FORFEITURE OF $50,000.00 IN UNITED STATES CURRENCY IN LIEU OF THE 2013 INFINITI QX56, (NV) 644 WTT, VIN JN8AZ2NE5D9040252, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada; Wayne Hettenbach, Assistant United States Attorney; Crane Pomerantz, Assistant United States Attorney; Darrin McCullough, Assistant United States Attorney; and Daniel D. Hollingsworth, Assistant United States Attorney; and James Jariv ("Jariv") and his counsel, Craig S. Denney, Gregory A. Brower, Justin R. Chochran, Nicholas Paul Dickerson, and Tim Johnson; Nathan "Nati" Stoliar, aka Natan Stoliar ("Stoliar") and his counsel David Z. Chesnoff; and In Choi Belding ("Belding"), and her counsel, David Belding, agree as follows:

1. On January 8, 2014, the Grand Jury sitting in Las Vegas, Nevada returned a Fifty-Seven Count Indictment against Jariv and Stoliar for violations of Title 18, United States Code, Sections 371, 1341, 1343, 1519, 1956, and 1956(h) and Title 42, United States Code, Section 7413(c)(2)(A). Indictment, ECF No. 1.

2. On January 14, 2014, pursuant to the seizure warrant issued by Magistrate Judge George Foley, the 2013 Infiniti QX56, (NV) 644 WTT, VIN: JN8AZ2NE5D9040252 ("2013 Infiniti"), registered to In Choi Belding was seized under Title 18, United States Code, Section 981(a)(1)(A) and (a)(1)(C) for violations of Title 18, United States Code, Sections 1343 and 1956(h).

3. A Bill of Particulars, listing additional properties to be forfeited, including the 2013 Infiniti, was filed with the court on March 6, 2014 (ECF No. 63).

4. Counsel for Belding contacted AUSA McCullough to request a "cash in lieu of" settlement for the 2013 Infiniti.

5. Belding agrees to pay the United States the sum of fifty thousand ($50,000.00) in the form of a cashier's check made payable to the United States Marshals Service and delivered to the Federal Bureau of Investigation within five (5) business days of approval of this agreement by the Court.

6. Belding agrees that the $50,000.00 paid to the United States Marshals Service shall be forfeited to the United States in lieu of the 2013 Infiniti and that all right, title, and interest in the $50,000.00 shall vest in the United States of America for disposition according to law.

7. Belding knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of $50,000.00 in United States Currency in lieu of the 2013 Infiniti QX56, (NV) 644 WTT, VIN: JN8AZ2NE5D9040252, registered to In Choi Belding (all of which constitutes "property").

8. Belding knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

9. Belding knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

10. Belding knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes "proceedings") of the property.

11. Belding knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

12. Belding knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the property.

13. Belding knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

14. Belding knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the property.

15. Belding knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

16. Belding knowingly and voluntarily agrees to waive her right to a trial on the forfeiture of the property.

17. Belding knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

18. Belding knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

. . .

. . .

19. Belding understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

20. Belding knowingly and voluntarily agrees to the conditions set forth in this Agreement for Forfeiture of $50,000.00 in United States Currency in lieu of the 2013 Infiniti QX56, (NV) 644 WTT, VIN JN8AZ2NE5D9040252, and Order ("Agreement").

21. Belding knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Federal Bureau of Investigation, the United States Environmental Protection Agency, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

22. Belding knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Federal Bureau of Investigation, the United States Environmental Protection Agency, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Belding now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

23. Pursuant to the express terms of this Agreement, Belding will accept possession and custody of the 2013 Infiniti from the United States in an "as is" condition.

24. Jariv and Stoliar may contest the forfeiture of the cash through their criminal case.

25. Each party acknowledges and warrants that its execution of the Agreement is free and is voluntary.

26. The Agreement contains the entire agreement between the parties.

27. Except as expressly stated in the Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or

4

entity regarding any fact relied upon in entering into the Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Agreement.

28. The persons signing the Agreement warrant and represent that they have full authority to execute the Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Agreement.

29. This Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

30. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

31. This Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: May 20, 2014
DAVID BELDING

_/s/ David Belding_
DAVID BELDING
Counsel for IN CHOI BELDING

DATED: 5-20-2014

_/s/ In Choi Belding_
IN CHOI BELDING

DATED: _____
SNELL & WILMER, L.L.P.

_____
TIM JOHNSON
Counsel for JAMES JARIV

DATED: _____

_____
JAMES JARIV

5

entity regarding any fact relied upon in entering into the Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Agreement.

28. The persons signing the Agreement warrant and represent that they have full authority to execute the Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Agreement.

29. This Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

30. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

31. This Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____
DAVID BELDING

_____
DAVID BELDING
Counsel for IN CHOI BELDING

DATED: _____

_____
IN CHOI BELDING

DATED: _____
~~SNELL & WILMER, L.L.P.~~
LOCKE LORD LLP

_____
TIM JOHNSON
Counsel for JAMES JARIV

DATED: 5.20.14

_____
JAMES JARIV

5

| | |
|---|---|
| 1  DATED: 5/29/14 | DATED: _____ |
| 2  CHESNOFF & SCHONFELD | DANIEL G. BOGDEN<br>United States Attorney |
| 3  _____ #12359 | |
| 4  DAVID Z. CHESNOFF | _____<br>WAYNE HETTENBACH<br>Assistant United States Attorney |
| 5  Counsel for NATHAN "NATI" STOLIAR | |
| 6  DATED: 5/29/14 | DATED: _____ |
| 7 | |
| 8  _____<br>NATHAN "NATI" STOLIAR | _____<br>CRANE M. POMERANTZ<br>Assistant United States Attorney |
| 9 | |
| 10 | DATED: _____ |
| 11 | |
| 12 | _____<br>DARRIN MCCULLOUGH<br>Assistant United States Attorney |
| 13 | DATED: _____ |
| 14 | |
| 15 | _____<br>DANIEL D. HOLLINGSWORTH<br>Assistant United States Attorney |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | IT IS SO ORDERED: |
| 22 | |
| 23 | |
| 24 | _____<br>UNITED STATES DISTRICT JUDGE |
| 25 | DATED:  June 4, 2014 |
| 26 | |

2

| | |
|---|---|
| DATED: _____ | DATED: _____ May 29, 2014 _____ |
| CHESNOFF & SCHONFELD | DANIEL G. BOGDEN<br>United States Attorney |
| | |
| _____<br>DAVID Z. CHESNOFF<br>Counsel for NATHAN "NATI" STOLIAR | /s/ Wayne Hennenbach<br>WAYNE HETTENBACH<br>Assistant United States Attorney |
| DATED: _____ | DATED: _____ May 29, 2014 _____ |
| | /s/ Crane M. Pomerantz<br>CRANE M. POMERANTZ<br>Assistant United States Attorney |
| _____<br>NATHAN "NATI" STOLIAR | DATED: _____ May 29, 2014 _____ |
| | /s/ Darrin McCullough<br>DARRIN MCCULLOUGH<br>Assistant United States Attorney |
| | DATED: _____ May 29, 2014 _____ |
| | /s/ Daniel D. Hollingsworth<br>DANIEL D. HOLLINGSWORTH<br>Assistant United States Attorney |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____ June 4, 2014 _____

2