```
                                            FILED

                                          JUL 2 2 2014

                                    CLERK, U.S. DISTRICT COURT
                                       DISTRICT OF NEVADA
                                    BY_____DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:14-CR-006-APG-(GWF) |
| NATHAN "NATI" STOLIAR,<br>aka NATAN STOLIAR, | ) ) ) | |
| Defendant. | ) ) | |

## PRELIMINARY ORDER OF FORFEITURE

This Court finds that on July 22, 2014, defendant NATHAN "NATI" STOLIAR aka NATAN

STOLIAR pled guilty to Counts One, Two, Three, and Fifteen of a Fifty-Seven-Count Criminal

Indictment charging him in Count One with Conspiracy to Commit Criminal Offenses and to Defraud

the United States in violation of Title 18, United States Code, Sections 371, 1341, and 1343; in Count

Two with Conspiracy to Launder Monetary Instruments in violation of Title 18, United States Court,

Section 1956(h); and in Counts Three and Fifteen with Wire Fraud in violation of Title 18, United

States Code, Section 1343. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 63; Change

of Plea, ECF No. __; Plea Memorandum, ECF No. __.

This Court finds defendant NATHAN "NATI" STOLIAR aka NATAN STOLIAR agreed to

the forfeiture of the property set forth in the Plea Memorandum, the Bill of Particulars, and the

Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 1; Bill of Particulars,

ECF No. 63; Change of Plea, ECF No. __; Plea Memorandum, ECF No. __.

1    This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America

2  has shown the requisite nexus between property set forth in the Plea Memorandum, the Bill of

3  Particulars, and the Forfeiture Allegation of the Criminal Indictment and the offenses to which

4  defendant NATHAN "NATI" STOLIAR aka NATAN STOLIAR pled guilty.

5    The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section

6  982(a)(1); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

7  Section 2461(c); and Title 21, United States Code, Section 853(p):

8    1.   Money judgment in the amount of $4,000,000, which the Defendant agrees is due and

9         payable to the United States Marshals Service. The defendant shall begin to make

10        payments towards this money judgment immediately upon execution of this agreement,

11        but in no event later than the entry of the guilty plea, and, if the full amount is not

12        satisfied, shall pay the balance no later than the time of sentencing; and

13   2.   $50,000 in lieu of the 2013 Infiniti QX56 bearing Nevada license Plate 644 WTT, VIN

14        JN8AZ2NE5D9040252, registered to In Choi Belding;

15   3.   2011 Infiniti QX56 bearing Nevada license Plate 785 XMK, VIN

16        JN8AZ2NF0B9502173, registered to Jiwon Jariv and James Jariv;

17   4.   REAL PROPERTY LOCATED AT 2289 BUCKINGHAM COURT, HENDERSON,

18        NEVADA 89074, MORE PARTICULARLY DESCRIBED AS:

19        PARCEL I:

20        LOT SEVENTY-NINE (79) AND EIGHTY (80) IN BLOCK THREE (3) OF THE

21        FOUNTAINS UNIT NO. 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 41

22        OF PLATS, PAGE 49, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK

23        COUNTY, NEVADA.

24        PARCEL II:

25        A NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF AND APPURTENANT

26        TO PARCEL ONE (1) ABOVE DESCRIBED FOR INGRESS AND EGRESS OVER

1   ALL STREETS AND ROADWAYS AS SHOWN BY MAP OF THE FOUNTAINS

2   UNIT NO. 2, ON FILE IN BOOK 41 OF PLATS, PAGE 49 IN THE OFFICE OF THE

3   COUNTY RECORDER OF CLARK COUNTY, NEVADA, WHICH HAVE NOT

4   BEEN DEDICATED TO AND ACCEPTED FOR PUBLIC USE AND OWNERSHIP

5   BY THE CITY OF HENDERSON, TOGETHER WITH ALL IMPROVEMENTS AND

6   APPURTENANCES THEREON, APN: 178-07-711-046;

7   5.   REAL PROPERTY LOCATED AT 2854 GEARY PLACE UNIT 3802, LAS VEGAS,

8   NEVADA 89109, MORE PARTICULARLY DESCRIBED AS:

9   PARCEL I:

10   UNIT NO. 3802 IN BUILDING 38 OF VILLAGE GREEN CONDOMINIUMS, A

11   COMMON INTEREST CONDOMINIUM DEVELOPMENT, AS SHOWN BY MAP

12   THEREOF ON FILE IN BOOK 121, OF PLATS, PAGE 60, IN THE OFFICE OF THE

13   COUNTY RECORDER, CLARK COUNTY, NEVADA AND AMENDED BY THAT

14   CERTAIN CERTIFICATE OF AMENDMENT RECORDED MAY 5, 2005 AS

15   INSTRUMENT NO. 00763 IN BOOK 20050505 OF OFFICIAL RECORDS.

16   PARCEL II:

17   ONE (1) ALLOCATED INTEREST AS TENANTS-IN-COMMON IN AND TO THE

18   COMMON AREA OF EACH PHASE OF VILLAGE GREEN CONDOMINIUMS, A

19   COMMON INTEREST CONDOMINIUM DEVELOPMENT, AS SHOWN BY MAP

20   THEREOF ON FILE IN BOOK 121 OF PLATS, PAGE 60 IN THE OFFICE OF THE

21   COUNTY RECORDER OF CLARK COUNTY, NEVADA AND AMENDED BY A

22   CERTIFICATE OF AMENDMENT RECORDED MAY 5, 2005 IN BOOK 20050505

23   AS DOCUMENT NO. 00763, OFFICIAL RECORDS. SAID ALLOCATED INTEREST

24   TO BE A FRACTION THE NUMERATOR OF WHICH SHALL BE ONE (1), AND

25   THE DENOMINATOR WHICH SHALL BE THE NUMBER OF UNITS IN THE

26   COMMUNITY WHICH SHALL BECOME SUBJECT TO THE DECLARATION OF

1   RESTRICTIONS RECORDED FEBRUARY 4, 2005 IN BOOK 20050204 AS

2   DOCUMENT NO. 3560, OFFICIAL RECORDS.

3   EXCEPTING THEREFROM ALL UNITS AND BUILDINGS LOCATED WITHIN

4   THE ABOVE REFERENCED PLAT.

5   RESERVING THEREFROM THE RIGHT TO POSSESSION OF ALL THOSE AREAS

6   DELINEATED AS "COMMON ELEMENTS" UPON VILLAGE GREEN

7   CONDOMINIUMS, A COMMON INTEREST CONDOMINIUM DEVELOPMENT AS

8   DEFINED IN THE DECLARATION. FURTHER RESERVING THEREFROM FOR

9   THE BENEFIT OF THE OWNERS OF ALL UNITS WITHIN VILLAGE GREEN

10  CONDOMINIUMS, A COMMON INTEREST CONDOMINIUM DEVELOPMENT,

11  (EXCEPT THE UNIT REFERRED TO IN PARCEL I, HEREIN) NON-EXCLUSIVE

12  EASEMENTS FOR INGRESS, EGRESS, USE AND ENJOYMENT OF, ON, OVER

13  AND ACROSS THE COMMON ELEMENTS, AS PROVIDED FOR IN AND

14  SUBJECT TO THE DECLARATION.

15  PARCEL III:

16  THE EXCLUSIVE RIGHT OF USE, POSSESSION AND OCCUPANCY OF THOSE

17  PORTIONS THE PROJECT DESIGNATED AS "COMMON ELEMENTS" (AS

18  DEFINED IN AND SUBJECT TO THE DECLARATION), WHICH ARE

19  APPURTENANT TO PARCELS I AND II DESCRIBED ABOVE.

20  PARCEL IV:

21  NON-EXCLUSIVE EASEMENTS OF ACCESS, INGRESS AND EGRESS, USE AND

22  ENJOYMENT OF, IN AND TO THE COMMON ELEMENTS, ONLY AS TO THOSE

23  PORTIONS OF THE COMMON ELEMENTS WHICH LAY IN THE UNENCLOSED

24  PORTIONS OF UNITS AS SET FORTH IN THE DECLARATION OF COVENANTS,

25  CONDITIONS AND RESTRICTIONS AND GRANT AND RESERVATION OF

26  . . .

4

1  EASEMENTS RECORDED FEBRUARY 4, 2005 IN BOOK 20050204 AS

2  INSTRUMENT NO. 03560 OFFICIAL RECORDS.

3  PARCEL V:

4  ALL OF THE PRIVATE STREETS KNOWN AS OAKMONT AVENUE, OAKMONT

5  DRIVE AND OAKMONT PLACE ADJOINING THE LOTS DESCRIBED IN

6  PARCEL I ABOVE, AND AS SHOWN ON SAID MAP OF LAS VEGAS

7  INTERNATIONAL COUNTRY CLUB ESTATES IN BOOK 10 OF PLATS, PAGE 87,

8  IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

9  PARCEL IV:

10  AN EASEMENT FOR INGRESS AND EGRESS TO AND FROM PARCELS I AND II

11  OVER VEGAS VALLEY DRIVE, AS SHOWN ON THE MAP OF LAS VEGAS

12  INTERNATIONAL COUNTRY CLUB ESTATES, AS PROVIDED FOR IN THAT

13  CERTAIN DECLARATION OF RESTRICTIONS RECORDED APRIL 7, 1969 IN

14  BOOK 941 AS INSTRUMENT NO. 755358 IN THE OFFICE OF THE COUNTY

15  RECORDER, CLARK COUNTY, NEVADA, TOGETHER WITH ALL

16  IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-10-212-495;

17  6.  REAL PROPERTY LOCATED AT 820 VEGAS VALLEY DRIVE, LAS VEGAS,

18  NEVADA 89109, MORE PARTICULARLY DESCRIBED AS:

19  PARCEL ONE (1):

20  LOT 34 OF LAS VEGAS INTERNATIONAL COUNTRY CLUB PATIO HOUSE

21  UNIT NO. 7, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 15 OF PLATS,

22  PAGE 62, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY

23  NEVADA.

24  PARCEL TWO (2):

25  A PORTION OF SECTION 10, TOWNSHIP 21 SOUTH, RANGE 61 EAST M.D.B.

26  AND M. CLARK COUNTY, NEVADA; AN ADDITION TO LOT 34 OF THE LAS

1     VEGAS INTERNATIONAL COUNTRY CLUB PATION HOUSES UNIT NO. 7, AS

2     RECORDED IN BOOK 15 OF PLATS, PAGE 62, CLARK COUNTY, NEVADA

3     RECORDERS.

4     COMMENCING AT THE NORTHEAST CORNER OF LOT 34, BEING THE TRUE

5     POINT OF BEGINNING; THENCE NORTH 05 DEGREES 45 MINUTES 10

6     SECONDS EAST A DISTANCE OF 6.40 FEET TO A POINT; THENCE NORTH 77

7     DEGREES 29 MINUTES 19 SECONDS WEST A DISTANCE OF 34.39 FEET TO A

8     POINT; THENCE SOUTH 12 DEGREES 30 MINUTES 41 SECONDS WEST A

9     DISTANCE OF 6.00 FEET TO A POINT; THENCE SOUTH 77 DEGREES 29

10     MINUTES 19 SECONDS EAST A DISTANCE OF 35.10 FEET TO THE TRUE POINT

11     OF BEGINNING, TOGETHER WITH ALL IMPROVEMENTS AND

12     APPURTENANCES THEREON, APN: 162-10-612-009;

13     7.   REAL PROPERTY LOCATED AT 19645 ROSITA STREET, TARZANA,

14     CALIFORNIA 91356, AND MORE PARTICULARLY DESCRIBED AS: THAT

15     PORTION OF LOT 79, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES,

16     COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP

17     RECORDED IN BOOK 27 PAGE(S) 55 TO 75 INCLUSIVE OF MAPS, IN THE

18     OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

19     BEGINNING AT A POINT IN THAT CERTAIN COURSE IN THE

20     SOUTHWESTERLY LINE OF SAID LOT 79 SHOWN ON SAID MAP OF TRACT

21     2605 AS HAVING A BEARING NORTH 66° 53' WEST AND A LENGTH OF 499.65

22     FEET, DISTANT THEREON NORTH 65° 53' 00" WEST 361.43 FEET FROM THE

23     SOUTHEASTERLY TERMINUS THEREOF, THENCE ALONG SAID

24     SOUTHWESTERLY LINE SOUTH 66° 53' 00" EAST 149.26 FEET, THENCE

25     NORTH 35° 01' 33" EAST 201.13 FEET, THENCE NORTH 77° 00' 45" EAST 15.00

26     FEET TO THE NORTHEASTERLY LINE OF THE LAND DESCRIBED IN PARCEL

1   1 IN THE DEED TO WILLIAM J. DEVINE, RECORDED APRIL 9, 1947 AS

2   INSTRUMENT NO. 179, IN BOOK 24453, PAGE 255 OF OFFICIAL RECORDS, IN

3   THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE

4   ALONG SAID NORTHEASTERLY LINE NORTH 12° 59′ 15″ WEST 50.00 FEET,

5   THENCE NORTHWESTERLY ALONG A TANGENT CURVE CONCAVE

6   SOUTHWESTERLY HAVING A RADIUS OF 113.52 FEET, A DISTANCE OF 94.19

7   FEET, THENCE TANGENT TO SAID CURVE, NORTH 60° 31′ 45″ WEST 30.29

8   FEET, THENCE SOUTH 29° 28′ 15″ WEST 15.00 FEET, THENCE SOUTH 40° 47′

9   58″ WEST 128.20 FEET TO THE SOUTHEASTERLY LINE OF THE LAND

10  DESCRIBED IN THE DEED TO MILDRED V. DEVINE, RECORDED OCTOBER 22,

11  1952 AS INSTRUMENT NO. 3442, IN BOOK 40135, PAGE 307 OF OFFICIAL

12  RECORDS, THENCE ALONG SAID SOUTHEASTERLY LINE, SOUTH 31° 35′ 08″

13  WEST 35.00 FEET TO THE TRUE POINT OF BEGINNING, SAID TRUE POINT OF

14  BEGINNING ALSO BEING THE WESTERLY CORNER OF THE LAND

15  DESCRIBED IN PARCEL 1 IN THE DEED TO WILLIAM H. BALL, JR. AND WIFE

16  RECORDED MARCH 18, 1959 AS INSTRUMENT NO. 2214, IN BOOK D402, PAGE

17  332 OF OFFICIAL RECORDS, THENCE ALONG THE WESTERLY BOUNDARY

18  LINES OF SAID PARCEL 1 OF THE LAND BALL, JR. AND WIFE AS FOLLOWS

19  SOUTH 59° 07′ 30″ EAST 143.93 FEET TO AN ANGLE POINT THEREIN, AND

20  SOUTH 35° 01′ 35″ WEST 106.50 FEET TO SAID SOUTHWESTERLY LINE OF

21  LOT 79, THENCE ALONG SAID SOUTHWESTERLY LINE, NORTH 66° 53′ 00″

22  WEST 145.86 FEET; THENCE NORTH 31° 35′ 08″ EAST 125.92 FEET TO A LINE

23  THAT BEARS SOUTH 59° 07′ 30″ EAST AND WHICH PASSES THROUGH THE

24  TRUE POINT OF BEGINNING; THENCE ALONG SAID LAST MENTIONED LINE,

25  SOUTH 59° 07′ 30″ EAST 6.75 FEET TO THE TRUE POINT OF BEGINNING,

26  . . .

TOGETHER WITH ALL IMPROVEMENTS AND APPURTENCES THEREON, APN: 2175-013-011;

8. $224,128.44 in United States Currency, seized from Citibank #XXXXX7496;

9. $24,929.91 in United States Currency, seized from Citibank #XXXXX3355;

10. $20,054.20 in United States Currency, seized from Citibank #XXXXX3363;

11. $86,998.40 in United States Currency, seized from Mountain America Credit Union ("MACU") #XXX7251;

12. $15,076.92 in United States Currency, seized from MACU #XXX9831;

13. $41,828.53 in United States Currency, seized from MACU #XXX2703;

14. $115,964.46 in United States Currency, seized from MACU #XXX6537;

15. $134,722.29 in United States Currency, seized from MACU #XXX7452;

16. $22,347.20 in United States Currency, seized from MACU #XXX5447;

17. $207,830.06 in United States Currency, seized from Charles Schwab #XXXX- 0164;

18. $50,556.65 in United States Currency, seized from Bank of America #XXXXXXXX9158;

19. $43,154.28 in United States Currency, seized from Wells Fargo #XXXXXX1496;

20. $86,773.95 in United States Currency, seized from Wells Fargo #XXXXXX7675;

21. $900.00 in United States Currency;

22. gold Bulgari chronograph, on synthetic strap;

23. a diamond tennis bracelet, approximately six inches long;

24. a white metal necklace, approximately sixteen inches long, with small diamonds in a circular pattern;

25. a white metal necklace, approximately sixteen inches long, with a reddish-orange pendant;

26. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Angel Toledo, loan number 18898-0, in the amount of

8

$19,978.41 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

27. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Elizabeth Canalas, loan number 19266-0, in the amount of $126,000 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

28. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Jesus Rivera Espinoza, loan number 19244-0, in the amount of $42,000.00 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

29. $23,396.26 in lieu of all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Jesus Rivera Espinoza, loan number 19255-0, in the amount of $22,911.43 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

30. $80,506.67 in lieu of all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and KOI Investments, Inc., Keith and Beth Oliver, loan number 19366-0, in the amount of $80,000 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

31. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Landmax Properties, LLC, Olukayode Adewole, loan number 19365-0, in the amount of $21,500 and any payments due, principal due or

interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

32. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Minerva Y. Lugo, loan number 19241-0, in the amount of $49,999.32 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

33. any and all debt between JARIV Companies including Evergreen Asset Trust, GEG Capital, and TKJ Corp., and Jesus Adan Felix Rodriguez, loan number 18577-0, in the amount of $24,959.09 and any payments due, principal due or interest accrued on the debt, located at Weststar Mortgage Corporation, dba Weststar Loan Servicing Corp., 2340 Paseo Del Prado, Suite D 104, Las Vegas, Nevada 89102;

34. Any and all funds in Bank of Montreal account #XXX2936, in the name of City Farm Biofuel Ltd.;

35. Any and all funds in Bank of Montreal account #XXX5322, in the name of City Farm Biofuel Ltd.;

36. Any and all funds in Bank of Montreal account #XXXXXX1226, account name unknown;

37. Any and all funds in Bank of Montreal account #XXX1242, account name uncertain, possibly in the name of 0858487 BC Ltd.; and

38. Any and all funds in Bank of Montreal account #XXX9053, account name uncertain, possibly in the name of 0858487 BC Ltd.

(all of which constitutes "property").

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

. . .

1    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

2  United States of America should seize the aforementioned property.

3    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

4  NATHAN "NATI" STOLIAR aka NATAN STOLIAR in the aforementioned property is forfeited and

5  is vested in the United States of America and shall be safely held by the United States of America until

6  further order of the Court.

7    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America

8  shall publish for at least thirty (30) consecutive days on the official internet government forfeiture

9  website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the

10  time under the applicable statute when a petition contesting the forfeiture must be filed, and state the

11  name and contact information for the government attorney to be served with the petition, pursuant to

12  Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

13    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity

14  who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate

15  the validity of the petitioner's alleged interest in the property, which petition shall be signed by the

16  petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and

17  Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's

18  right, title, or interest in the forfeited property and any additional facts supporting the petitioner's

19  petition and the relief sought.

20    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed

21  with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than

22  thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days

23  after the first day of the publication on the official internet government forfeiture site,

24  www.forfeiture.gov.

25  . . .

26  . . .

11

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

2  shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

3  following address at the time of filing:

4            Daniel D. Hollingsworth
             Assistant United States Attorney
5            Lloyd D. George United States Courthouse
             333 Las Vegas Boulevard South, Suite 5000
6            Las Vegas, Nevada 89101.

7    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein

8  need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency

9  following publication of notice of seizure and intent to administratively forfeit the above-described

10  property.

11    DATED this 22 day of July, 2014.

12

13

14                                _____

15                                UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26