UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JAMES I. "ASSI" JARIV, NATHAN "NATI" STOLIAR,<br><br>                    Defendants. | Case No. 2:14-cr-0006-APG-GWF<br><br>**ORDER FOR SUPPLEMENTAL BRIEFS REGARDING DISPOSITION OF SALE PROCEEDS**<br><br>(Dkt. #118) |

      Defendants James Jariv and Nathan Stoliar operated a biodiesel business which routinely bought and sold large volumes of biodiesel fuel. When they were both arrested in early 2014, a significant volume of outstanding biodiesel was held in inventory. The defendants and the Government agreed that the fuel could be sold and the gross sale proceeds set aside to use as part of any plea agreement or satisfaction of any sentence imposed. (Dkt. #118-1 at 2.) The sale was consummated, and a dispute has now arisen between the defendants as to the allocation of the proceeds.

      Mr. Jariv has moved for an Order directing an equal split of the sale proceeds. (Dkt. #118.) Mr. Stoliar opposes that motion (Dkt. #119), and the Government takes no position on the outcome of the motion (Dkt. #125).

      Mr. Jariv's motion is entitled "Motion on Disposition of Funds Deposited into the Registry of the Court." Yet there is no indication in the court's docket that any funds have been deposited into the court's registry. Mr. Stoliar asserts that he "has tendered approximately $3,415,120.31 from the fuel sale proceeds to the government." (Dkt. #119 at 2:10-11.) It is unclear to me where the sale proceeds currently reside.

      None of the parties has presented any evidence or explanation why the individual defendants have the right to use the gross sales proceeds as they seek. Mr. Jariv asserts that the fuel was "owned jointly by Messrs. Jariv and Stoliar, or by entities that they co-owned equally."

(Dkt. #118 at 2:17-18.) No proof of this assertion is submitted, and it seems more plausible that the fuel belonged to the business entity, not to the individual defendants. If that is true, there is no explanation how the business's assets were to be allocated between the defendants. Nor is mention made whether any creditors of the entity have a right to some portion of the proceeds.[1]

There may be simple explanations for these issues. Or, these issues may be irrelevant to the disposition of these funds. But given the lack of explanation in the moving papers, supplemental briefs are required.

IT IS HEREBY ORDERED that the parties (including the Government) shall file supplemental briefs no later than **December 11, 2014** addressing the issues discussed above, and why they believe the defendants are entitled to the personal use of the gross sale proceeds. These supplemental briefs need not be lengthy.

Dated: December 4, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] It does not appear that the proceeds are the subject of forfeiture proceedings, which presumably would give notice to such creditors.