DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: *Daniel.Hollingsworth@usdoj.gov*
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:14-CR-006-APG-(GWF) |
| NATHAN "NATI" STOLIAR, aka NATAN STOLIAR, | ) |
| Defendant. | ) |

**AMENDED UNOPPOSED MOTION FOR INTERLOCUTORY SALE AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court to approve and to Order the Interlocutory Sale of the real property located at 2289 Buckingham Court, Henderson, Nevada 89074 ("property"), more particularly described as follows:

PARCEL I:

LOT SEVENTY-NINE (79) AND EIGHTY (80) IN BLOCK THREE (3) OF THE

FOUNTAINS UNIT NO. 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 41

. . .

|     |     |
| --- | --- |
| 1   | OF PLATS, PAGE 49, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK |
| 2   | COUNTY, NEVADA. |
| 3   | PARCEL II: |
| 4   | A NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF AND APPURTENANT TO |
| 5   | PARCEL ONE (1) ABOVE DESCRIBED FOR INGRESS AND EGRESS OVER ALL |
| 6   | STREETS AND ROADWAYS AS SHOWN BY MAP OF THE FOUNTAINS UNIT NO. |
| 7   | 2, ON FILE IN BOOK 41 OF PLATS, PAGE 49 IN THE OFFICE OF THE COUNTY |
| 8   | RECORDER OF CLARK COUNTY, NEVADA, WHICH HAVE NOT BEEN |
| 9   | DEDICATED TO AND ACCEPTED FOR PUBLIC USE AND OWNERSHIP BY THE |
| 10  | CITY OF HENDERSON, TOGETHER WITH ALL IMPROVEMENTS AND |
| 11  | APPURTENANCES THEREON, APN: 178-07-711-046. |

The basis for issuing the Order for an Interlocutory Sale is this Court can approve and order interlocutory sales by the United States. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 12th day of January, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

The grand jury returned a Fifty-Seven Count Sealed Criminal Indictment against James Jariv ("J. Jariv") and Nathan "Nati" Stoliar aka Natan Stoliar ("Stoliar") on January 8, 2014.

On March 6, 2014, a Bill of Particulars (ECF No. 63) was filed as a clarification of, and is more specific than, the Forfeiture Allegations of the Criminal Indictment (ECF No. 1) and included Forfeiture Allegations under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p).

On July 22, 2014, Stoliar pled guilty to Count One for Conspiracy to Commit Criminal Offenses and to Defraud the United States in violation of Title 18, United States Code, Sections 371, 1341, and 1343, Count Two for Conspiracy to Launder Monetary Instruments in violation of Title 18, United States Code, Section 1956(h), Count Three for Wire Fraud in violation of Title 18, United States Code, Section 1343, Count Fifteen for Wire Fraud in violation of Title 18, United States Code, Section 1343, and Count Fifty-Two for False Statements in violation of Title 42, United States Code, Section 7413(c)(2)(A). Criminal Indictment, ECF No. 1; Plea Memorandum, ECF No. 93; Change of Plea Minutes, ECF No. 90. On the same date, a Preliminary Order of Forfeiture (ECF No. 92) was entered against Stoliar, which included forfeiture of the real property located at 2289 Buckingham Court, Henderson, Nevada 89074.

### B. Statement of Facts

Stoliar owns the real property located at 2289 Buckingham Court, Henderson, Nevada 89074, according to the Title Commitment Report. The house became property of the United States when the Preliminary Order of Forfeiture was entered on July 22, 2014. Stoliar's sentencing is scheduled for January 14, 2015. Publication in www.forfeiture.gov and service of process has been completed.

Eliahu Ilan Elezra and his wife ("the Elezras"), the tenants, have not paid rent for thirteen months and are in arrears $130,000.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned properties "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). In this case, Supplemental Rules G(7)(b)(i)(A), (B), and (D) apply regarding the real property located at 2289 Buckingham Court, Henderson, Nevada 89074. The United States may sell the real property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the parcels of real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

Stoliar agreed on January 9, 2015, through his counsel, David Z. Chesnoff, to the interlocutory sale of the property. Courts have also ordered interlocutory sales of forfeitable property over the objection of a defendant or claimant where the equity was being depleted by accruing taxes and interest

4

on a mortgage, where mortgage payments were several months in arrears, and where the properties were abandoned and subject to vandalism, deterioration, and depreciation. See *United States v. Pelullo*, 178 F.3d 196, 198-99 (3d Cir. 1999); *Berryhill Farm Estates*, 128 F. 3d at 1389-90; *Aguilar v. United States*, 1999 WL 1067841, 4-6 (D. Conn. Nov. 8, 1999); *United States v. 2540 Chadwick Way Mundelein, Illinois*, 2005 WL 2124539 (N.D. Ill. May 12, 2005). The United States requests the Court to authorize the United States to sell the real property to the Elezras for $1,140,000.

The court approved sale of the real property located at 2289 Buckingham Court, Henderson, Nevada 89074 is as follows.

The Elezras have until Tuesday, January 20, 2015, at 3:59 PM to accept this offer. The offer expires at 3:59 PM on Tuesday, January 20, 2015. If the Elezras have not accepted the offer by 3:59 PM on Tuesday, January 20, 2015, the Elezras and their family will be evicted as scheduled on January 24, 2015, pursuant to the notice provided to the Elezras and their counsel, Russ Marsh, by the United States Marshal Service for the District of Nevada. Accepting this offer is the payment of a cashier check of Twenty percent (20%) of $1,140,000, $228,000, payable to the order of the United States Marshals Service and delivered to the United States Marshals Service for the District of Nevada at 333 Las Vegas Boulevard South, Second Floor, Las Vegas, Nevada by 3:59 PM on Tuesday, January 20, 2015.

The Elezras will pay $1,140,000 for Buckingham Court property. Twenty percent (20%) of $1,140,000, $228,000, will be made payable to the United States Marshals Service by Tuesday, January 20, 2015, on or before 3:59 PM as earnest money, and the Elezras voluntarily and knowingly agree and understand that if the remaining $912,000 for Buckingham Court is not paid for any reason, regardless of who is at fault or why, by February 9, 2015, at 3:59 PM, the $228,000 will be liquidated damages to the United States and the Elezras will lose their earnest money. If the sale is not completed by Monday, February 9, 2015, the Elezras and their family will be evicted on Tuesday, February 10, 2015, including the locks will be changed. There will be no more extensions of time regarding the eviction. The $912,000 will be made payable to United States Marshals Service and delivered to the United States

. . .

Marshals Service for the District of Nevada at 333 Las Vegas Boulevard South, Second Floor, Las Vegas, Nevada by 3:59 PM by Monday, February 9, 2015.

The Elezras knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Marshal Service, the Federal Bureau of Investigation, the United States Environmental Protection Agency, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by the Elezras or any third party arising out of the facts and circumstances of this case and the sale of the Buckingham Court property.

The Elezras knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Marshal Service, the Federal Bureau of Investigation, the United States Environmental Protection Agency, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that the Elezras now have or may hereafter have on account of, or in any way growing out of, the forfeiture and sale of the Buckingham Court property in this proceeding.

The Buckingham Court property will be sold "as is" since the Elezras have resided in the property for numerous years and are in the best position to know the condition of the Buckingham Court property. The United States will provide a quit claim deed transferring the Buckingham Court property to the Elezras, a release of lis pendens, and release of preliminary order of forfeiture.  All costs, expenses, attorney's fees, interest, real estate agent commissions, filings, running, facsimile costs, escrow expenses, if the Elezras choose to go through escrow, taxes, real property transfer taxes, liens, judgments, title insurance policies, and anything else will be paid by the Elezras; the United States will receive a total of $1,140,000 by 3:59 PM by Monday, February 9, 2015, which will be substituted in lieu of Buckingham Court property.

The Elezras' counsel, Russ Marsh, is aware of the deadlines associated with the purchase of the Buckingham Court property and is working with his clients to meet the deadlines.

## IV. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the real property located at 2289 Buckingham Court, Henderson, Nevada 89074 under the following three reasons (1) the property is perishable and is at risk of deterioration, decay, and injury; (2) the property is subject to a monthly rent and taxes which are delinquent; and (3) the court finds other good cause.  By authorizing the interlocutory sale as discussed above, this Court will protect the real property, preserve its value, and expedite the sale of the real property.

DATED this 12th day of January, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED:  January 20, 2015