DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: *Daniel.Hollingsworth@usdoj.gov*
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:14-CR-006-APG-(GWF) |
| JAMES I. "ASSI" JARIV, and NATHAN "NATI" STOLIAR aka NATAN STOLIAR, | ) ) ) **ORDER** |
| Defendants. | ) ) ) |

**UNOPPOSED MOTION FOR INTERLOCUTORY SALE OF 2011 INFINITI QX56 AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court to approve and to Order the Interlocutory Sale of the 2011 Infiniti QX56 bearing Nevada license Plate 785 XMK, VIN JN8AZ2NF0B9502173, registered to Jiwon Jariv and James Jariv ("property").

. . .

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

The basis for issuing the Order for an Interlocutory Sale is this Court is authorized to approve interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 26th day of January, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

**A. Procedural History**

The grand jury returned a Fifty-Seven Count Sealed Criminal Indictment against James Jariv ("J. Jariv") and Nathan "Nati" Stoliar aka Natan Stoliar ("Stoliar") on January 8, 2014.

On March 6, 2014, a Bill of Particulars (ECF No. 63) was filed as a clarification of, and is more specific than, the Forfeiture Allegations of the Criminal Indictment (ECF No. 1) and included Forfeiture Allegations under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p).

On July 22, 2014, Stoliar pled guilty to Count One for Conspiracy to Commit Criminal Offenses and to Defraud the United States in violation of Title 18, United States Code, Sections 371, 1341, and 1343, Count Two for Conspiracy to Launder Monetary Instruments in violation of Title 18, United States Code, Section 1956(h), Count Three for Wire Fraud in violation of Title 18, United States Code, Section 1343, Count Fifteen for Wire Fraud in violation of Title 18, United States Code, Section 1343, and Count Fifty-Two for False Statements in violation of Title 42, United States Code, Section 7413(c)(2)(A). Criminal Indictment, ECF No. 1; Plea Memorandum, ECF No. 93; Change of Plea Minutes, ECF No. 90. On the same date, a Preliminary Order of Forfeiture (ECF No. 92) was entered against Stoliar, which included forfeiture of the 2011 Infiniti QX56.

J. Jariv has not pled. His trial is scheduled for February 9, 2015.

**B. Statement of Facts**

The 2011 Infiniti QX56 bearing Nevada license plate 785 XMK, VIN JN8AZ2NF0B9502173 ("property"), is registered to Jiwon Jariv and James Jariv. The vehicle became property of the United States when the Preliminary Order of Forfeiture for Stoliar was entered on July 22, 2014. Publication in www.forfeiture.gov and service of process have been completed.

. . .

On January 23, 2015, J. Jariv agreed, through his counsel, Nicholas Dickerson, to the interlocutory sale of the vehicle.

The United States requests this Court to authorize the United States Marshals Service ("USMS") to sell the property through one of its approved methods.  The purpose of the interlocutory sale is to liquidate the property to allow for easier management of the assets, to reduce the cost of maintaining the property, and to avoid further depreciation.

**II.  ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale.  Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales.  "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  The United States may move this Court to order the above-mentioned properties "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).  In this case, two of these four reasons for the interlocutory sale apply regarding the property.  It is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate to its fair market value.  The USMS may sell the property if this Court so orders.  Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.").  The USMS will sell the property through one of its approved methods.  Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

. . .

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g).  The sale proceeds of the parcels of real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv).  "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

## IV.  CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the 2011 Infiniti QX56 bearing Nevada license Plate 785 XMK, VIN JN8AZ2NF0B9502173, registered to Jiwon Jariv and James Jariv under the following reasons (1) the property is perishable and is at risk of deterioration, decay, and injury; and (2) the expense of keeping the property is disproportionate to its fair market value.  Selling the property through this interlocutory sale will protect the property, preserve its value, and liquidate the property to allow for easier management of the assets.  By authorizing the interlocutory sale as discussed above, this Court will protect the property, preserve the value of the property, and expedite the sale of the property through the USMS.

DATED this 26th day of January, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED:  January 27, 2015