**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-0006-APG-GWF |
|---|---|
| Plaintiff, | **ORDER REGARDING CANADA'S STATUS FOR RESTITUTION** |
| v. | |
| NATHAN "NATI" STOLIAR, Defendant. | |

Canada petitions the court to be included as a victim of defendant Nathan Stoliar's crimes under the Mandatory Victims Restitution Act. Canada contends it was harmed during the course of crimes Stoliar pleaded guilty to committing in this case. Stoliar responds that Canada's request is untimely, is an attempt to disrupt the plea agreement, and to the extent Canada is a victim, any restitution should be paid out of the amounts the Government obtained through forfeiture. The Government responds that Canada is not a victim of the offenses of conviction because the United States has no jurisdiction to charge Stoliar with the fraud he committed against Canada.

Stoliar was charged in a 57-count indictment. (Dkt. #1.) He pleaded guilty to counts one, two, three, fifteen, and fifty-two of the indictment. (Dkt. #93.) Specifically relevant to Canada's status as a victim, Stoliar pleaded guilty to conspiracy in counts one and two and wire fraud in counts three and fifteen. The conspiracy and wire fraud claims are based on fraudulent schemes involving the false generation of renewable fuel credits under United States law, false representations regarding the type of fuel being sold, and the export of biodiesel without retiring or purchasing renewable energy credits adequate to cover the exported amount as required under United States law.

Stoliar and his co-defendant, James Jariv, purchased a Canadian company called City Farm Biofuel. City Farm has a biodiesel producing facility. Stoliar and his co-conspirators registered City Farm with the EPA to participate in incentive and credit programs related to biodiesel

production. Stoliar and Jariv agreed that tanker truck drivers would be instructed to drive back and forth across the U.S.-Canada border. The drivers would claim to be importing biodiesel into the United States and exporting feedstock to City Farm in Canada. The trips would generate paperwork purporting to show biodiesel production and importation even though City Farm produced only small amounts of biodiesel and sold those amounts in Canada.

City Farm claimed to sell the biodiesel to Jariv's company, Global E Marketing ("GEM"). GEM claimed to blend the biodiesel with petroleum diesel and sell it to third parties. However, those third parties were fictitious or owned by Jariv and no biodiesel was blended or sold as claimed. As part of the scheme, Stoliar and Jariv instructed their employees to create false documents such as sales invoices, shipping documents, and import and export records. Jariv and others then made false entries in the EPA's computer system to generate biodiesel credits known as renewable identification numbers or RINs. RINs are credits that biodiesel importers and producers can generate when they import or generate pure biodiesel. RINs are commodities that can be bought and sold with the biodiesel or may be separated from the biodiesel and sold as independent commodities.

The false entries in the EPA's system claimed that GEM had imported, purchased, and blended biodiesel produced by City Farm, but City Farm had not produced any biodiesel and none was imported or blended as claimed. Through these actions, Stoliar and his co-conspirators were able to generate over 6.3 million fraudulent RINs that they sold to third parties for millions of dollars.

The conspirators also purchased quantities of a blend of biodiesel and petroleum which had been separated from the RIN and which another party had already used to claim a tax credit available for those who blend pure biodiesel with one percent or less of petroleum diesel. The conspirators would claim the blend was pure biodiesel produced at City Farm and sell it at the higher price commanded by pure biodiesel. Alternatively, they would purchase blend for which a third party already had separated the RIN and claimed the blender's credit. They re-sold the blend

at a higher price by claiming it was pure biodiesel manufactured at City Farm that was eligible for a blender's credit and RIN creation.

Canada had its own renewable energy incentive programs. As part of those programs, Canada entered into contracts with City Farm pursuant to which Canada's Department of Natural Resources would make contribution and incentive payments for the production of biodiesel in Canada. City Farm falsely represented to Canada that it was producing more biodiesel than it was. Based on these false representations, Canada paid City Farm over a million Canadian dollars. After receiving a tip, Canada investigated whether City Farm was producing the amounts claimed. It was Canada's investigation that ultimately led to the charges against Stoliar in the United States. Canada thus contends it is a victim of Stoliar's overall scheme related to the false production of biodiesel that is charged in the conspiracy and wire fraud offenses to which Stoliar pleaded guilty in this case.

Under the Mandatory Victim Restitution Act ("MVRA"), I am required to order restitution when (1) the defendant is convicted of "an offense against property under [Title 18], . . . including any offense committed by fraud or deceit"; and (2) there is "an identifiable victim or victims [who] suffered . . . pecuniary loss." *See* 18 U.S.C. § 3663A(a)(1), (c)(1). For purposes of the MVRA, a victim means "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). Thus, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, . . . the restitution order [may] include acts of related conduct for which the defendant was not convicted." *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999). Although courts should resist narrowing the scope of who constitutes a victim, "a criminal defendant cannot be compelled to pay restitution for conduct committed outside of the scheme, conspiracy, or pattern of criminal

behavior underlying the offense of conviction." *United States v. Brown*, 665 F.3d 1239, 1252-53 (11th Cir. 2011) (quotation omitted).

I may, in my discretion, "identify victims other than those brought to [my] attention by the government or the probation office." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 924 (9th Cir. 2001). The party seeking to be included as a victim bears the burden of demonstrating by a preponderance of the evidence that it is a victim. *Id.*; 18 U.S.C. § 3664(e).

Canada has not met its burden of establishing by a preponderance of the evidence that it was directly harmed by Stoliar's unlawful conduct in the course of the schemes to which he pleaded guilty in this case. None of the schemes charged in the indictment involved defrauding Canada out of financial contributions or payments under Canada's incentive programs. Canada contends Stoliar used the phony import/export documents generated in the schemes to which he pleaded guilty to induce Canada to make the incentive payments. But Canada produces no evidence to this effect. Rather, the documents Canada produced show City Farm was paid after attesting to the amount of biodiesel produced on a claim for payment form. (*See, e.g.*, Dkt. #192 at 81, 86, 91.) Canada also contends that its subsidies brought legitimacy to Stoliar's scheme in the United States, but Canada presents no evidence that anyone in the United States knew that City Farm was receiving the subsidies or that those persons relied on that information. Finally, Canada contends that its payments subsidized the scheme in the United States, but Canada presents no evidence to that effect. In sum, Canada has not shown by a preponderance of the evidence that it was defrauded in the course of the schemes to which Stoliar pleaded guilty in this case. I therefore find Canada is not a victim as defined under the MVRA.

IT IS THEREFORE ORDERED that Canada's petition for order of restitution (Dkt. #182) is DENIED.

Dated: April 21, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4