Jeffrey Shaner, Esq. (SBN 2562)
Jeffrey Ian Shaner, Ltd.
715 S. 6th Street
Las Vegas, Nevada 89101
(702)382-2560

Tiffany E. Feder, Esq. (California SBN: 264644) Pro Hac Vice
16661 Ventura Boulevard, Suite 226D
Encino, California 91436
Telephone: (818) 380-7500
Facsimile: (818) 475-1531

Attorneys for Defendant,
Nathan Stoliar

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-CR-006-APG-(GWF) |
| Plaintiff, | STIPULATED MOTION TO ALLOW DEFENDANT TO BE ORDERED REMOVED BY PRESIDING FEDERAL JUDGE AND ALLOW DEFENDANT TO DEPART FROM THE UNITED STATES WITHIN 48 HOURS OF DEFENDANT'S RELEASE FROM CUSTODY |
| vs. | |
| NATHAN STOLIAR, | |
| Defendant | **ORDER** |

**STIPULATION**

(First Request)

**IT IS HEREBY STIPULATED and AGREED** by and between Crane Pomerantz, Esq., Assistant United States Attorney and Tiffany E. Feder, Esq. attorneys for Defendant Nathan Stoliar that Mr. Stoliar, upon release from FCI Terminal Island, shall within 72 hours of release from custody, depart the United States from Los Angeles International Airport ("LAX"). His belongings, including his Australian and US Passports shall be given to Attorney Tiffany E. Feder who will arrange for transport for Mr. Stoliar to LAX.

The proposed language appears in the judgment in another case where the defendant was sentenced to time served and was permitted to return to Belgium. (Exh. A, ¶ 9). Agreement of the AUSA Crane Pomerantz is included herein. (Exh. B).

DATED this 30th of June, 2016

_/s/ Jeffrey Shaner_
Jeffrey Shaner, Esq.
Nevada State Bar Number 2562
715 S. 6th Street
Las Vegas, NV 89101

DATED this 30th of June, 2016

_/s/ Tiffany E. Feder_
Tiffany E. Feder, Esq.
California State Bar Number: 264644
16661 Ventura Boulevard, Suite 226D
Encino, California 91436

## ORDER

IT IS HEREBY ORDERED that Mr. Stoliar shall be ordered removed from the United States upon release from federal custody.

IT IS FURTHER ORDERED that Attorney Tiffany Feder shall be responsible to make and any all transport arrangements for Mr. Stoliar and shall inform the local United States Attorney's Office once Mr. Stoliar has left the United States.

Dated: October 7, 2016.

It is so Ordered.

_____
THE HONORABLE ANDREW GORDON
UNITED STATES DISTRICT JUDGE

Submitted by:

/s/ Tiffany E. Feder
Tiffany E. Feder, Esq.
Attorney for Defendant, Nathan Stoliar

# EXHIBIT A

**United States District Court**
**Central District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. __CR 13-00511 SJO-4__ |
| Defendant __OTER, Ibrahim__ | Social Security No. __N o n e__ |
| akas: __Also Known As: The Godfather__ | (Last 4 digits) |

**JUDGMENT AND PROBATION COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.   MONT __Jan.__   DAY __25,__   YEAR __2015__

**COUNSEL**        Jay L. Lichtman (Appointed)
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of:
18 U.S.C. § 1956(h): Conspiracy to Launder Money as charged in Count 2 of the Indictment

**JUDGMENT AND PROB/COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ibrahim Oter, is hereby committed on Count 2 of the Indictment to the custody of the Bureau of Prisons for a term of time-served sentence.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

USA vs. OTER, Ibrahim                                              Docket No.:  CR 13-00511 SJO-4

4. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

5. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

6. The defendant shall not associate with anyone known to him to be a member of Israeli Organized Crime syndicate and others known to him to be participants in the activities of the Israeli Organized Crime syndicate, with the exception of his family members.

7. The defendant may reside outside of the United States during his period of supervised release. If the defendant returns to the United States during his period of supervised release, he shall report to the nearest Probation Office within 72 hours of his arrival in the United States.

8. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at: United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012.

Within 72 hours of defendant's release from custody, defendant shall depart from the United States from the Los Angeles International Airport ("LAX"). Upon defendant's release from custody, defendant shall immediately travel to and remain in a hotel with in one mile radius of LAX while awaiting a flight to depart from the United States, except: ( I ) to travel to the Consulate General of Belgium, 6100 Wilshire Blvd #1200, Los Angeles, CA 90048, to obtain travel documentation and (2) to travel to LAX in order to board a flight out of the United States.

The Court advises the Defendant of his right to appeal.

In the interest of justice the Court grants the government's motion to dismiss all remaining counts as to this defendant only.

| | |
|---|---|
| USA vs. OTER, Ibrahim | Docket No.: CR 13-00511 SJO-4 |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

*S. James Otero*

| January 25, 2016 | S. James Otero |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| January 25, 2016 | By | Victor Paul Cruz | *Victor Paul Cruz* |
|---|---|---|---|
| Filed Date | | Deputy Clerk | |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs. OTER, Ibrahim                                    Docket No.:  CR 13-00511 SJO-4

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. **OTER, Ibrahim**                                   Docket No.:  CR 13-00511 SJO-4

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____   By  _____
Date                                                            Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____   By  _____
Filed Date                                                    Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
               Defendant                                                Date

_____                              _____
U. S. Probation Officer/Designated Witness              Date

# EXHIBIT B

10/6/2016                                      Workspace Webmail :: Print

Print | Close Window

**Subject:** RE: Nathan Stoliar
**From:** "Pomerantz, Crane (USANV)" <Crane.Pomerantz@usdoj.gov>
**Date:** Fri, Jul 01, 2016 1:27 pm
**To:** "tiffany@tiffanyfeder.com" <tiffany@tiffanyfeder.com>

Tiffany-

I've reviewed and do not have any objections. Feel free to sign my name and file.

CMP

---

**From:** tiffany@tiffanyfeder.com [mailto:tiffany@tiffanyfeder.com]
**Sent:** Friday, July 01, 2016 9:40 AM
**To:** Pomerantz, Crane (USANV)
**Subject:** RE: Nathan Stoliar

Dear Crane,
I am sending you the stipulation. Additionally, I am sending you a prior case that I worked on with a similar situation whereby the Defendant plead and, had no status here (Docket No CR08-1033(A)-CAS). In that case, the Court acted as an Immigration Judge (because federal judges are allowed to act as immigration judges) and we stipulated that the defendant would be able to depart the United States within 48 hours. On another case I recently did a similar agreement for removal from this country, whereby the defendant also had no status and was allowed 72 hours to depart the United States. In both cases, I informed the AUSA when the Defendant boarded the plane and left. I am attaching not only the stipulation but also the Judgment and Commitent Order for both cases.

Have a happy 4th of July. I know your last day is on Tuesday so I am hoping that we can get this done.

Very truly yours,
Tiffany E. Feder
Law Offices of Tiffany E. Feder
16661 Ventura Blvd. Suite 444
Encino, CA 91436
Telephone: (818)380-7500
Facsimile: (818)475-1531

CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail and delete all copies of the message. Thank you.

-------- Original Message --------
**Subject:** RE: Nathan Stoliar
**From:** "Pomerantz, Crane (USANV)" <Crane.Pomerantz@usdoj.gov>
**Date:** Tue, June 28, 2016 10:50 am
**To:** "tiffany@tiffanyfeder.com" <tiffany@tiffanyfeder.com>

Thanks, Tiffany. I enjoyed speaking and look forward to working with you.

CMP

10/6/2016 Workspace Webmail :: Print

**From:** tiffany@tiffanyfeder.com [mailto:tiffany@tiffanyfeder.com]
**Sent:** Tuesday, June 28, 2016 10:34 AM
**To:** Pomerantz, Crane (USANV)
**Subject:** Nathan Stoliar

Dear Crane:
It was a pleasure speaking to you. I look forward to working with you. I will send that motion as soon as possible.

Very truly yours,
Tiffany E. Feder
Law Offices of Tiffany E. Feder
16661 Ventura Blvd. Suite 444
Encino, CA 91436
Telephone: (818)380-7500
Facsimile: (818)475-1531

CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail and delete all copies of the message. Thank you.

Copyright © 2003-2016. All rights reserved.